Maria Angela Brusco, Esq.
**GROSSMAN LLP**
745 Fifth Avenue, 5th Floor
New York, New York  10151

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

IN RE:

MATTHEW LEWIS HARRITON,

                 Debtor.

Case No: 23-50514

---

DAVID NAGELBERG, *individually and as*
TRUSTEE of the DAVID S. NAGELBERG
2003 REVOCABLE TRUST and PENSCO C/F
DAVID S. NAGELBERG ROTH IRA,
MATTHEW HAYDEN, MITCHELL KNAPP,
LAWRENCE J. SHEER DDS PSP,
WILLIAM J. ROUHANA, JR., AMY
NEWMARK, TIMOTHY ROUHANA,
ROSEMARY ROUHANA, ELLA DAMIANO,
MICHAEL DAMIANO, and LONDONDERRY
CAPITAL LLC,

                 Plaintiffs,

      -v-

MATTHEW LEWIS HARRITON,

                 Defendant.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. §§ 523(a)(2) and (19)

Plaintiffs David Nagelberg, individually and as Trustee of the David S. Nagelberg 2003 Revocable Trust and Pensco C/F David S. Nagelberg Roth IRA, Matthew Hayden, Mitchell Knapp, Lawrence J. Sheer Dds Psp, William J. Rouhana, Jr., Amy Newmark, Timothy Rouhana, Rosemary Rouhana, Ella Damiano, Michael Damiano, and Londonderry Capital LLC (together, "Plaintiffs" and each, a "Plaintiff") hereby allege the following against Defendant Matthew Lewis Harriton.

**NATURE OF THE ACTION**

1.      Plaintiffs have obtained a federal-court judgment against Harriton on their claims against him for common-law and federal securities fraud.  (*See* Exhibit A (Dkt. No. 187, *Nagelberg et al. v. Matthew Harriton et al.*, 17-cv-02524 (LLS) (S.D.N.Y.)) (the "Judgment").)

2.      Because Plaintiffs' bankruptcy claims under the Judgment result from an extensive securities fraud scheme that Harriton and others perpetrated on Plaintiffs, those claims are nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(19).

3.      Harriton admittedly was a leader in perpetrating a classic Ponzi scheme that purported to generate profit by purchasing tickets in bulk to high-profile Broadway shows and concerts and reselling them.

4.      In connection with the scheme, Harriton admittedly made material misrepresentations and omissions to Plaintiffs and many others.  These investors, including some of the world's largest hedge funds, reasonably relied on these misstatements and omissions.

5.      Harriton admittedly did not use the investors' money to buy bulk tickets.  He, and others in the scheme, instead admittedly used newly invested funds to pay prior investors.

6.      Plaintiffs lost millions of dollars as a direct result of Harriton's fraud.

7.      Plaintiffs sued Harriton, his partner Joseph Meli, and various entities they controlled for (i) Fraud in Connection with the Purchase or Sale of Securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5(a)-(c); (ii) Common-Law Fraud; and (iii) Breach of Contract.

8.      Plaintiffs obtained the Judgment on all counts against Harriton and a business entity he controls.

9.      Plaintiffs also obtained a judgment on all counts against Meli and several business entities he controls.

10.     Plaintiffs ask the Court to find that, because the Judgment arises out of common-law and federal securities fraud, Harriton's debts to Plaintiffs are nondischargeable.

## THE PARTIES

11.     Plaintiff David S, Nagelberg is a citizen of Florida.

12.     Plaintiff Matthew Hayden is a citizen of California.

13.     Plaintiff Mitchell Knapp is a citizen of New Jersey.

14.     Plaintiff Lawrence J. Sheer DDS PSP is a profit-sharing plan of which Lawrence J. Sheer DDS is the primary beneficiary and sole trustee.  Dr. Sheer is a citizen of New Jersey.

15.     Plaintiff William Rouhana, Jr. is a citizen of Connecticut.

16.     Plaintiff Amy Newmark is a citizen of Connecticut.

17.     Plaintiff Timothy Rouhana is a citizen of California.

18.     Plaintiff Rosemary Rouhana is a citizen of New York.

19.     Plaintiff Ella Damiano is a citizen of New Hampshire.

20.     Plaintiff Michael Damiano is a citizen of Massachusetts.

21.     Plaintiff Londonderry Capital LLC is a Delaware limited-liability company with its principal place of business in Connecticut.

22.     Defendant Harriton is a citizen of Connecticut.

## JURISDICTION AND VENUE

23.     This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(19).  Plaintiffs bring this proceeding in connection with

Harriton's pending Chapter 7 bankruptcy proceeding, Case No. 23-50514, U.S. Bankruptcy Court for the District of Connecticut, Bridgeport Division.

24.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

25.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

26.    For years, Defendant Matthew Harriton and his partner Joseph Meli perpetrated an actual fraud on Plaintiffs in connection with the sale of securities through Harriton's and Meli's business entities, 875 Holdings, LLC ("875H"), Advance Entertainment, LLC ("AE"), Advance Entertainment II, LLC ("AEII"), and 127 Holdings LLC ("127H") (collectively, the "Four Entities," and AE, AEII, and 875H the "Investment Vehicles").

27.    The fraudulent scheme (the "Ponzi Scheme") took the form of a fund purporting to pool investor money into a high-end ticket-resale business for popular Broadway shows, including *Hamilton*, and concert tours, including the U.S. tour of British singer Adele.

28.    Harriton's professional background was in finance and startups.   Meli's professional background was in live event promotion and ticketing.

29.    In late 2014, Harriton approached Meli with the idea to expand Meli's existing ticket resale business, proposing that they raise a general fund of capital that could be pooled and held for subsequent investment in ticket transactions.

30.    Harriton was responsible for the day-to-day management of the Investment Vehicles.

31.    Harriton oversaw investor communications and distributions.

32.     In their communications with each Plaintiff before his, her, or its investment, Harriton and Meli engaged in actual fraud by omitting material information, including that the money that Plaintiffs invested with the Investment Vehicles would be used not to purchase tickets but to repay prior investors to create illusions of returns and to enrich Meli and Harriton and their family members.

33.     Harriton and Meli also omitted the material information that certain purported agreements shown to Plaintiffs, ostensibly between AE and producers of *Hamilton* and the Adele tour, were forgeries.

34.     Harriton's false representations and fraudulent omissions served as the basis of each Plaintiff's decision to invest in the Investment Vehicles, and no Plaintiff would have invested if he, she, or it had known that these representations and omissions were materially false or misleading.

35.     Harriton personally engaged in culpable and fraudulent activity.

36.     Harriton also personally received and appropriated the fruits of fraudulent conduct.

37.     Plaintiffs sued Harriton, Meli, and the Four Entities for the actual frauds they perpetrated and for their violations of federal and state securities laws.

38.     Meli pled guilty in Manhattan federal court to securities fraud.

39.     After years of litigation, Plaintiffs obtained the Judgment against Harriton and 875H on the following causes of action: (i) Fraud in Connection with the Purchase or Sale of Securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5(a)-(c); (ii) Common-Law Fraud; and (iii) Breach of Contract.  (*See* Exhibit A.)

40.     Separately, Plaintiffs also obtained a judgment against Meli, AE, AEII, and 127H on those same causes of action.  (*See* Dkt. No. 177, *Nagelberg et al. v. Matthew Harriton et al.*, 17-cv-02524 (LLS) (S.D.N.Y.).)

41.     After the Court entered the Judgment against Harriton, he petitioned for bankruptcy.

**COUNT I**
**Determination of Nondischargeability Under 11 U.S.C. § 523(a)(2)**

42.     Under 11 U.S.C. § 523(a)(2), a Chapter 7 discharge does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by [] false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2).

43.     The Judgment represents Harriton's debt to Plaintiffs for money wholly obtained by false pretenses, false representations, and actual fraud.

44.     Harriton's debts to Plaintiffs under the Judgment arise from the false pretenses, false representations, and actual fraud that he perpetrated against Plaintiff, including (i) Fraud in Connection with the Purchase or Sale of Securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5(a)-(c), and (ii) Common-Law Fraud.

45.     In connection with his fraudulent scheme, Harriton both engaged in fraudulent conduct personally, and personally received and appropriated the fruits of fraudulent conduct.

46.     As a result, the debts memorialized in the Judgment are within the scope of 11 U.S.C. § 523(a)(2) and nondischargeable.

47.     Plaintiffs seek a judgment from the Court declaring that Harriton's debts under the Judgment are nondischargeable under 11 U.S.C. § 523(a)(2).

## COUNT II
### Determination of Nondischargeability Under 11 U.S.C. § 523(a)(19)

48.     Under 11 U.S.C. § 523(a)(19), a Chapter 7 discharge does not discharge an individual debtor from any debt that "(A) is for [] (i) the violation of any of the Federal securities laws . . . or any regulation or order issued under such [] securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (B) results, before, on, or after the date on which the petition was filed, from [] any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding." 11 U.S.C.A. § 523(a)(19).

49.     Harriton's debts to Plaintiffs under the Judgment (a) are for both (i) violation of the Federal securities laws and (ii) common law fraud in connection with the purchase and sale of securities; and (b) result from a judgment entered in a Federal judicial proceeding before the date of Harriton's bankruptcy petition; accordingly, those debts are within the scope of 11 U.S.C. § 523(a)(19) and nondischargeable.

50.     Plaintiffs seek a judgment from the Court declaring that Harriton's debts under the Judgment are nondischargeable under 11 U.S.C. § 523(a)(19).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order (i) determining that Harriton's debts to Plaintiffs under the Judgment are nondischargeable and due with applicable interest; (ii) awarding Plaintiffs their costs, disbursements, and fees as authorized by state and federal law and rules; and (iii) such other and further relief to which Plaintiffs may be justly entitled.

Dated: November 27, 2023
    New York, New York

**GROSSMAN LLP**

By: _Maria Angela Brusco_
Maria Angela Brusco, Esq.
Juris No. 44184
745 Fifth Avenue, 5th Floor
New York, New York  10151
Telephone: (646) 770-7445
Fax: (646) 417-7997
mbrusco@grossmanllp.com

*Attorneys for Plaintiffs*